[DeKalb County v. Price.]

# DeKalb County *v.* Price.

## *Contest of Stock Law Election.*

(Decided June 30, 1914.   66 South. 12.)

1. *Animals; Stock Law Election; Mutilated Ballot.*—Where seventy-eight ballots were cast at a stock law election, thirty-nine for and thirty-eight against, and the remaining ballot was so mutilated that the intention of the voter could not be ascertained, the result should have been declared in favor of stock law, in the absence of other irregularity.

2. *Same; Contest; Review.*—The qualifications of voters whose votes were eliminated by the probate court in a stock law election contest, cannot be reviewed on appeal where the evidence introduced relative thereto is not preserved in the bill of exceptions.

3. *Same.*—The action of the probate court in a stock law election contest, in eliminating a ballot because it failed to disclose whether it was for or against stock law, can not be reviewed, where neither the ballot nor any description of the ballot is before the appellate court.

4. *Same.*—Where, in a stock law election contest, the record contained a recital of the evidence as to the residence of certain persons whose votes were contested, the presumption was that it contained all the evidence thereon; and hence, the finding of the probate court on those matters was reviewable.

APPEAL from DeKalb Probate Court.

Heard before Hon. JAMES A. CROLEY.

Contest of a stock law election by M. M. Price against DeKalb county. From a judgment for contestant, contestee appeals. Reversed and rendered.

I. M. PRESSLEY and J. M. QUINONES, for appellant. Counsel discuss the qualifications of certain voters mentioned in the transcript, with citations of authority to show that they were not qualified voters, but in view of the opinion it is not deemed necessary to set them out in detail.

ISBELL & SCOTT, for appellee. No brief reached the Reporter.

SAYRE, J.—This appeal has been taken from the judgment of the probate court of DeKalb county in the matter of a contest of a stock law election held for precinct No. 10 on the 7th of February of this year. We learn from the petition filed for contest that the managers of the election declared the result against stock law. From the same source we learn that the result should have been declared for stock law. It appears that at said election 39 ballots were cast for stock law, 38 against. The intention of the voter casting the remaining ballot could not be ascertained, and so the managers counted that ballot against stock law, with result that the affirmative of the issue failed to receive a majority. On the facts stated, and the assumption that the managers of election were right in receiving the other votes cast, the result should have been declared by them in favor of stock law. In the probate court a number of ballots cast on either side were contested on the ground that the voters were not qualified electors, and, after evidence heard, the court was of opinion that "Stock Law, Yes," had received 32 votes, "Stock Law, No," 31, and so contest was sustained and judgment rendered declaring the result in favor of stock law.

We have been unable to find in the record any safe ground upon which to proceed to a review of the qualifications of a majority of the 23 voters whose right to vote is asserted or denied, as the exigency of its case required, in the assignments of error and in brief for appellant. To illustrate the condition of the record for the most part, we may refer to the case of J. B. Blevins, who voted against stock law, but whose vote was eliminated by the probate court, erroneously as appellant contends. The recital of the bill of exceptions is that: "The contestant introduced the record, tally sheet, and ballot number 39, to show that J. B. Blevins voted for

'Stock Law, No,' and that said J. B. Blevins failed to pay his poll tax for the year 1906."

Contestee's presentation of the case as to Blevins is thus shown in the bill: "J. B. Blevins was registered and paid poll tax in 1906 to 1913." Perhaps this last-quoted statement from the bill of exceptions may be taken as a statement of the exceptor's judgment of the effect of the evidence offered by him. It is not a statement of the evidence itself, or any witness or witnesses, in a form fit for review in this court where, in cases of this character, both the law and the facts must be determined on appeal. This is all we know of Blevins and his qualifications as an elector. The bill concludes with the statement that, "This was all the testimony in the case." As matter of fact no records, tally sheets, or ballots are copied into the record. In this condition of the record, we cannot say there was error in the lower court's finding that Blevins was not a legal voter. So of others whose votes were eliminated under similar circumstances.

To illustrate the condition of the record with reference to a number of the votes contested by the contestee, but counted by the probate court nevertheless for stock law, we may state the showing made in the case of W. Z. Jones. The recital of the bill of exceptions is that: "The contestee also introduced the records, tally sheets, and ballots, to show that the following electors, who voted for 'Stock Law, Yes,' were not qualified to vote in said election: W. Z. Jones, was not registered."

This is all we know about Jones. The "records," etc., are not there. The court below counted Jones' vote. It must have been found on evidence not before us that Jones was registered, and we cannot say the court was wrong. So of a number of others.

The ballot cast by T. L. O'Neal was eliminated on the ground that the court could not say on inspection whether he had voted for or against stock law. We have not the ballot nor any description of it before us and will not say the court was in error.

The record contains a recital of the testimony of witnesses as to the residence of L. M. Price, L. C. Price, and L. H. Storey, whose votes were contested by contestee (appellant), and whose votes were counted for stock law. As to the issues so made there could have been no "record" evidence. We conclude, hence, that we have before us all the testimony touching the residence of these voters, and are in position to review the findings of the trial court as to them. We find that these voters were nonresidents of DeKalb county at the time of the election, and that their votes should have been rejected, though in the probate court it was held otherwise, and this finding, along with the presumption that the court ruled correctly in all those instances we have been unable to review for reasons stated above, leads to the conclusion that the lower court's ruling as to the general result was erroneous and should be reversed.

Accordingly, the judgment in favor of stock law will be reversed, and a judgment here rendered declaring the result against stock law in precinct ten of DeKalb county.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.